ALBANY,
Feb. 1825.

Jackson
v.
Sinclair.

JACKSON, *ex dem.* FIELD, *against* SINCLAIR.

THIS case was tried June 12th, 1822, and a verdict taken for the plaintiff by consent, subject to the opinion of the Court on a case to be turned into a special verdict or bill of exceptions by either party. The case, as made and settled, contained a stipulation to this effect. It was argued at February term, 1824, and decided the 13th day of November, in the same year, when the Court gave judgment for the plaintiff, whose attorney perfected judgment, and filed his record on the 20th, and on the 21st of the same month issued a writ of possession, which was executed immediately, by dispossessing the tenant of the defendant, and putting Field, the lessor in this suit, in possession. The defendant's tenant thereupon agreed to become the tenant of Field, at the same rent upon which he had before held of the defendant. The affidavit of the defendant's attorney stated that he intended to bring error; but owing to unavoidable delay in obtaining from the plaintiff's attorney the documentary evidence exhibited by the plaintiff upon trial, the defendant's attorney had not had sufficient time to finish the bill of exceptions. On these facts,

*J. Platt,* for the defendant, moved that the writ of possession, and all subsequent proceedings, be set aside for irregularity, and that a writ of restitution issue.

*A. Spencer,* contra, admitted that the plaintiff's attorney had been somewhat precipitate, but insisted that he was regular, notwithstanding the stipulation. · He said this was in the alternative that the case might be changed into a bill of exceptions or special verdict; and no election was made by the plaintiff's attorney between the two. The Court may relieve, but it should be on terms. The defendant should be required to give bail in error, and perhaps to pay the costs.

On a verdict for the plaintiff, subject to the opinion of the court on a case, and a stipulation that either party may turn it into a special verdict or bill of exceptions the party against whom judgment is rendered is entitled to a reasonable time to elect, under the stipulation, and make up and settle the verdict or bill. The party in whose favor the judgment is rendered, should, at least, give notice thereof to the opposite party, and wait a reasonable time for him to make his election, or should apply to the court for leave to proceed, &c

[WOODWORTH, J. It can not be that the plaintiff's attorney was warrantable in this hasty proceeding. Here was a decision pronounced at the last moment of the term ; and the plaintiff should have taken no step, till the defendant had a fair opportunity to make his election between a verdict and a bill of exceptions, and procure the verdict or bill to be settled. An application to the Court frequently becomes necessary to this end. There is, I believe, no settled course, in practice, which this matter should take, as to time or manner ; but it is clear, that the party ought not to be precluded all benefit from his stipulation, by the unreasonable haste of his adversary. He must, in some fair and equitable way, have the benefit of it.

SUTHERLAND, J. Here has been great haste, but still I do not think we ought to relieve the party, unless he now elect whether he will have a verdict or bill of exceptions, and show a *bona fide* intention to prosecute a writ of error.]

*Platt.* The attorney swears to that intention. As I understand the practice, this stipulation is itself a stay of all proceedings, at least, for a reasonable time after the decision. We elect to proceed by bill of exceptions.

[WOODWORTH, J. I have no doubt the issuing a writ of possession was irregular. I remember a case in which I was counsel, wherein it was held that the plaintiff was bound by this stipulation to wait a reasonable time, at least, or to apply to the Court for leave to proceed notwithstanding the stipulation.

SAVAGE, Ch. J. There can be no doubt that we ought to set aside this writ of possession ; but we will think farther upon the question as to the terms, if any, upon which this should be done, and the ulterior relief to be given.]

At another day,

WOODWORTH, J. said that the Court, on conferring upon this motion, held the proceedings after judgment to be alto-

gether irregular. There is no settled course of practice on this subject; but the party against whom the judgment is rendered should, at least, have fair notice, and a reasonable chance to make an election, or the Court should be moved in relation to the matter, before the execution is proceeded upon. The execution must be set aside, and a writ of restitution issue, with costs, on the defendant's stipulating to bring no action for the trespass. The defendant's attorney may take 20 days, within which to make and serve a bill of exceptions; and, moreover, the lessor of the plaintiff must pay to the defendant the rent which the former may have received of the tenant.

Rule accordingly.